# UNITED STATES DISTRICT COURT
# for the SOUTHERN DISTRICT OF INDIANA,
# INDIANAPOLIS DIVISION

| | |
|---|---|
| **DONALD STEPHEN SELANDER,** )<br>)<br>**Plaintiff,** )<br>)<br>*vs.* )<br>)<br>**INTERNAL REVENUE SERVICE,** )<br>)<br>**Defendant.** ) | CAUSE NO. 1:13-cv-2060-RLY-DKL<br>CAUSE NO. 1:13-mc-134-WTL-DKL |

## ENTRY and ORDER
## on
## Plaintiff's *Motion for Clarification of "Order to Reclassify" and "Reinstatement of Case Filings"* [doc. 4 in Cause no. 1:13-mc-134-WTL-DKL]
## and
## Ordering payment of filing fee

On December 19, 2013, the plaintiff, Donald Stephen Selander, filed a document titled *Petition for Declaratory Enforcement of Administrative Judgment* [doc. 1, in both Causes] ("*Petition*"). The clerk of the Court opened a case under a miscellaneous number, 1:13-mc-134-WTL-DKL, probably because the title of the document referenced enforcement of a judgment. On December 30, 2013, after reviewing the content of the *Petition* and determining that Mr. Selander does not seek to enforce a judgment entered by a court but seeks to establish claims against the Internal Revenue Service, this magistrate judge ordered the clerk to reclassify the case from the miscellaneous to the civil docket, randomly reassign judges on the civil docket, and transfer all filings that had been made under the miscellaneous number to the civil number. *Order to Clerk to Reclassify Case* [doc. 3 in both cases] ("*Order*"). The *Order* also ordered that "[a]ll future filings must be made under the

new 'cv' case number" and ordered Plaintiff to pay the filing fee applicable to complaints in civil cases, with credit for the miscellaneous filing fee, by January 31, 2014. On January 22, 2014, Mr. Selander filed the present motion, *Motion for Clarification of "Order to Reclassify" and "Reinstatement of Case Filings"* [doc. 4 in 1:13-mc-134-WTL-DKL] ("*Motion*"). By way of the *Motion*, he objects to the reclassification and the obligation to pay a civil-case filing fee.

Mr. Selander contends that, while no judgment has been entered by a court, an "Administrative Judgment is in place and is in full force by law." (*Brief in Support of Motion for Clarification of "Order to Reclassify" and "Reinstatement of Case Filings"* [doc. 4-1 in 1:13-mc-134-WTL-DKL] ("*Brief*") at p. 5.) He also objects that magistrate judges, as adjuncts of the district court, "cannot deal with matters requiring judicial determination in income tax cases as per 28 U.S.C. § 2201, involving private rights of Americans inside the 50 states and outside of federal territorial jurisdiction." (*Id.* at p. 7.) Finally, he contends that the miscellaneous assignment and filing fee were correct because "all Courts are defined under FRCP under Rule 4(j) as a Foreign State as defined under 28 USC 1602-1611 FOREIGN SOVEREIGN IMNMNUNITY [*sic*] ACT." (*Id.*) He requests:

> that this case be remanded to the properly authorized judiciary, sitting in an Article III Constitutional capacity, created under authority usually of the Constitution and which are the only courts that can hold <u>admiralty jurisdiction</u> that can be exercised inside the States. They are also the only courts that may deal with matters requiring judicial determination, involving private rights of Americans or constitutional rights.

(*Id.*)

A fair reading of the *Petition* reveals that Mr. Selander alleges the following. An "original contract" between himself and the Internal Revenue Service ("IRS") is invalid. *Petition* ¶ 5. To settle the dispute between them, Mr. Selander, following a procedure under the Administrative Procedure Act of 1946, sent an offer to the IRS. *Id.* ¶¶ 5 and 7. The IRS did not respond. The IRS had an obligation to respond and its silence constituted acceptance of the terms of Mr. Selander's offer, the result being that he and the IRS then had a new contract. *Id.* ¶¶ 7 and 9. Mr. Selander then sent, or caused to be sent, a series of communications to the IRS,[1] to none of which the IRS responded. *Id.* ¶¶ 9-17. The IRS's silences again constituted acceptances of the offers and terms of the communications, to the effect that "a contractual relationship had been established between the Affiant, Donald Stephen Selander and Respondent, Internal Revenue Service". *Id.* ¶ 13 By its agreement to the contract, the IRS agreed to pay to Mr. Selander the amount of $364,543.22, and agreed to other terms. *Id.* ¶ 11. The IRS's agreement was "in accordance with the Administrative Procedures Act of 1946." *Id.*

Mr. Selander prays for **(1)** a declaration that the IRS has agreed that he is a non-taxpayer; **(2)** and injunction ordering the IRS to **(a)** acknowledge in writing to Mr. Seldander that the IRS's "ledger books have been set-off, settled and closed and that all

---

[1] These communications were titled "Notice of Fault and Opportunity to Cure," "Affidavit of Notice of Default," "Affidavit of True Bill of Commerce," "Verified Declaration in the Nature of an Affidavit," "Notice of Dishonor," "Conditional Acceptance," "Affidavit of 'True Bill of Commerce'," "Notice / Fault in Dishonor and Opportunity to Cure," "Notice / Default and Consent to Judgment," "Truth Affidavit and Notice of Non-Response," "Certificate of Dishonor," and "Notice of Administrative Judgment" and are all found in the exhibits attached to the *Petition* [docs. 1-1 through 1-4].

3

outstanding debts are zeroed out"; **(b)** "[i]nsert a blocking series" in his "Master Tax Files . . . indicating a non-taxpayer status by having no filing requirement, or not required to file income taxes with no outstanding tax liabilities;" and **(3)** judgment against the IRS in the amount of $364,543.22, representing "[a]ll outstanding balances" as agreed by the parties. *Petition* at p. 7.

Mr. Selander's objections to the *Order* are **DENIED** and **OVERRULED**. Because he alleges that an agreement or contract between him and the IRS exists that settles a dispute between them and provides, in part, for the payment of money to him, and he seeks to enforce that agreement by way of this action, it appears at the present time that he pleads a civil action, not a miscellaneous action to enforce a judgment. This magistrate judge had and has authority to issue the *Order*. The *Order* is confirmed and the reclassification of this case and reassignment of judges **stands**. The *Petition* is, and has been, construed as his complaint in his civil action.

Mr. Selander has not paid the civil filing fee as ordered. He shall pay the usual civil filing fee, less the miscellaneous filing fee he has already paid, **no later than 4:00 p.m. on March 15, 2014 or risk dismissal of his case**.

**Mr. Selander is hereby ORDERED to not submit any more filings in the miscellaneous cause, No. 1:13-mc-134-WTL-DKL. All filings hereinafter shall be made only in the civil cause, No. 1:13-cv-2060-RLY-DKL. Further filings in the miscellaneous case risk sanctions for contempt of court, including dismissal of the civil cause and**

4

**additional penalties.**

**SO ORDERED this date:** 03/04/2014

_Denise K. LaRue_
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Donald Stephen Selander
14555 Gooseberry Drive
Fishers, Indiana  46038